# FLORIDA DRUG FREE WORKPLACE CHAIN OF CUSTODY FORM

AHCA FORM 3170-5006, JULY 95

SPECIMEN ID NO. 9675    LAB ACCESSION NO.

## STEP 1: TO BE COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE

A. Employer Name, Address and I.D. No.
BREVARD COUNTY PUBLIC SCHOOLS
ATTN: KATHY KRELL
3091 N KING STREET
COCOA       FL 32926
321-633-3475

B. MRO Name, Address, Phone and Fax No
DOCTORS REVIEW SERVICE
ATTN: N. NEIL J. DASH
545 FRANKLIN AVE
HASSAN RUA
NY 11735
136743

C. Donor SSN or Employee I.D. No.

D. Reason for Test: ☐ Pre-employment  ☐ Random  ☒ Reasonable Suspicion/Cause  ☐ Post Accident
☐ Return to Duty  ☐ Follow-up  ☐ Other (specify)

E. Drug Tests to be Performed: ☐ All Drugs listed ☐ THC ☐ Cocaine ☐ AMPH ☐ Opiates ☐ PCP ☐ BARB ☐ BENZO ☐ Methadone ☐ Methaqualone ☐ Propoxyphene ☐ Blood Alcohol

Collection Site Address: LabCorp FLD 53 Tax ID# 801230
925 N. Courtenay Pkwy Ste 17
Merritt Island, FL 32953
Ph: (321) 449-9411
Fax (321) 449-9473
X00802

## STEP 2: COMPLETED BY COLLECTOR

Read specimen temperature within 4 minutes. Is temperature between 90° and 100°F?  ☒ Yes  ☐ No, Enter Remark

Specimen Collection: ☐ Split  ☒ Single  ☐ None Provided (Enter Remark)  ☐ Observed (Enter Remark)

REMARKS:

## STEP 3: Collector affixes bottle seal(s) to bottle(s). Collector dates seal(s). Donor initials seal(s). Donor completes STEP 5 on Copy 4 (MRO Copy)
## STEP 4: CHAIN OF CUSTODY - INITIATED BY COLLECTOR AND COMPLETED BY LABORATORY

X _____ Signature of Collector    Time of Collection AM/PM

(PRINT) Collector's Name (First, MI, Last)    Date (Mo/Day/Yr)

SPECIMEN BOTTLE(S) RELEASED TO:
LCA Courier
Name of Delivery Service Transferring Specimen to Lab

## RECEIVED AT LAB:

X _____ Signature of Accessioner

(PRINT) Accessioner's Name (First, MI, Last)    Date (Mo/Day/Yr)

Primary Specimen Bottle Seal Intact
☐ Yes
☐ No, Enter Remark Below

SPECIMEN BOTTLE(S) RELEASED TO:

## STEP 5: COMPLETED BY DONOR

I certify that I provided my urine specimen to the collector; that I have not adulterated it in any manner; each specimen bottle used was sealed with a tamper-evident seal in my presence; and that the information provided on this form and on the label affixed to each specimen bottle is correct.

X _____ Signature of Donor

(PRINT) Donor's Name (First, MI, Last)    Date (Mo/Day/Yr)

Daytime Phone No. ( )    Evening Phone No. ( ) same    Date of Birth

Should the results of the laboratory tests for the specimen identified by this form be confirmed positive, the Medical Review Officer will contact you to ask about prescriptions and over-the-counter medications you may have taken. Therefore, you may want to make a list of those medications for your own records. THIS LIST IS NOT NECESSARY. If you choose to make a list, do so either on a separate piece of paper or on the back of your copy (COPY 5). --DO NOT PROVIDE THIS INFORMATION ON THE BACK OF ANY OTHER COPY OF THE FORM. TAKE COPY 5 WITH YOU.

## STEP 6: COMPLETED BY MEDICAL REVIEW OFFICER - PRIMARY SPECIMEN

I have reviewed the laboratory results for the specimen identified by this form in accordance with the Florida Drug Free Workplace Program as found in section 112.0455, Florida Statutes and Chapter 59A-24, Florida Administrative Code. My determination/verification is:

☐ NEGATIVE  ☐ POSITIVE  ☐ TEST CANCELLED  ☐ REFUSAL TO TEST BECAUSE:
☐ DILUTE                                    ☐ ADULTERATED  ☐ SUBSTITUTED

REMARKS

X _____ Signature of Medical Review Officer    X _____ (PRINT) Medical Review Officer's Name (First, MI, Last)    Date (Mo/Day/Yr)

## STEP 7: COMPLETED BY MEDICAL REVIEW OFFICER - SPLIT SPECIMEN

I have reviewed the laboratory results for the specimen identified by this form in accordance with the Florida Drug Free Workplace Program as found in section 112.0455, Florida Statutes and Chapter 59A-24, Florida Administrative Code. My determination/verification is:

☐ RECONFIRMED  ☐ FAILED TO RECONFIRM - REASON

X _____ Signature of Medical Review Officer    X _____ (PRINT) Medical Review Officer's Name (First, MI, Last)    Date (Mo/Day/Yr)

COPY 5 - DONOR COPY - GREEN

LabCorp

<5>

</5>

**School Board of Brevard County**
2700 Judge Fran Jamieson Way • Viera, FL 32940-6601
Richard A. DiPatri, Ed.D., Superintendent



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

February 9, 2009

Dontavious Smith
807 Wilson Avenue
Cocoa, FL  32922

Dear Mr. Smith:

As a result of your application to become a Substitute you participated in a pre-employment drug screen on February 24, 2009. We received notification on March 3, 2009 that your pre-employment drug test had been determined to be positive by the Medical Review Officer.

School Board Policy 4124 – Drug-Free Workplace states, "The use of illegal drugs, the abuse of alcohol, and the misuse of prescription and over-the-counter drugs are unacceptable." According to procedures, applicants testing positive will not be eligible for employment by the School Board of Brevard County for one year from the date of the test. The offer to employ you as a Substitute is being withdrawn. You may reapply for employment on or after February 24, 2010.

If you would like to have the specimen retested, you may do that at your expense. Please contact the Medical Review Officer at Doctor's Review, 1-800-343-1221, to request the retest and to arrange to send a check for $125.00.

Sincerely,

Leroy A. Berry
Leroy A. Berry
Deputy Superintendent

LAB:vb

c Personnel File

Leroy A. Berry
Deputy Superintendent
Phone: (321) 633-1000, ext. 200 • Fax: (321) 633-3525

An Equal Opportunity Employer

## Neil J. Dash, MD-Medical Review Officer

**TEST RESULT**  
Positive

**DRUG NAME**  
Marijuana Metabolite

| | | | |
|---|---|---|---|
| COMPANY: | BREVARD CNTY PUB SCH-E281 | | ACCT #: 138743 |
| DATE COLL: 2/23/09 | EMPLOYEE NAME: DONTAVIOUS SMITH | | LAB: LABCORP - 3000 |
| DATE SENT: 3/2/09 | EMPLOYEE ID: | | SPECIMEN TYPE: Not Prov |
| RE-PRINT DATE: 3/9/09 | FORM ID: 0414649675 | | TEST REASON: PRE EMPLOYMENT |
| MRO: | MRO interview conducted | | |

**COLLECTION SITE INFO:**

This controlled substance test result has been received by a certified Medical Review Officer and is hereby released to the above named employer in accordance with the employer's policy. Please retain this document in a confidential manner.

*[signature]*

Neil J. Dash, MD-Chief MRO  
N Dash MRO, L Katz MRO, F Michel MRO

CONFIDENTIALITY STATEMENT

This Electronic Message contains information from Neil J. Dash, MD-Medical Review Officer created by Neil J. Dash, MD-Medical Review Officer and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (800) 526-9341.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:09-CV-2033-ORL-31KRS

DONTAVIOUS SHERRODE
SMITH,

        Plaintiff,

v.

SCHOOL BOARD OF BEVARD
COUNTY, FLORIDA, RICHARD
DIPATRI, ED.D, Superintendent,
individually and as an office of the
municpality, and LEROY A.
BERRY, Deputy Superintendent,
individually and as an officer of the
municipality,

        Defendant.
_____/

## OFFER OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 68, Defendants School Board of Brevard County and Leroy A. Berry, individually, hereby offer to allow judgment to be taken against them and in favor of the Plaintiff, Dontavious Sherrode Smith, for the total sum of FIFTY AND 00/100 DOLLARS ($50.00), which sum shall include therein as a part thereof of all taxable court costs, all attorneys' fees and all expenses. This offer does not constitute an offer to incur liability for any attorneys'

fees, costs or expenses in excess of the total sum of FIFTY AND 00/100 DOLLARS ($50.00) and the aggregate total offered hereby is limited specifically to FIFTY AND 00/100 DOLLARS ($50.00). This offer is made for the settlement of any and all of the Plaintiff's claims, asserted or unasserted, against the Defendants School Board of Brevard County and Leroy A. Berry, Individually.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2010, that a copy of the foregoing and Notice of Electronic Filing has been furnished by U.S. Mail to: **DONTAVIOUS SHERRODE SMITH, Pro Se.**, 807 South Wilson Avenue, Cocoa, Florida 32922.

MICHAEL H. BOWLING   #333026
BELL, ROPER & KOHLMYER, P.A.
2707 E. Jefferson Street
Orlando, Florida  32803
Phone: (407) 897-5150
Fax:   (407) 897-6947
Attorneys for Defendant

# MEDIATE FIRST, INC.
200 East Robinson Street, Suite 700  Orlando, FL  32801

| | |
|---|---|
| Douglas B. Beattie | Phone:     407-649-9495 |
| James A. Cabler | Toll Free: 800-851-9173 |
| Donna C. Doyle | Fax:         407-649-8698 |
| Gregory P. Miles | |
| Charles M. Rieders | Email:    admin@mediatefirstinc.com |
| Mark S. Walker | Website: www.mediatefirstinc.com |
| William H. Lore | |
| David C. Schwartz | |

## CONFIRMATION AND DISCLOSURE STATEMENT

To:	Yvonne/ Michael Bowling, Esquire/ysuedmeyer@bellroperlaw.com
To:	Dontavious Smith (Pro-Se Plaintiff)/	Date:	February 3, 2010
	flanative_03@hotmail.com/ and by U.S. Mail
Re:	Smith   vs. School Board of Brevard County

This will confirm that as lead counsel you have scheduled a mediation conference in the above case **for May 10, 2010, beginning at 9:00 am.**  You have reserved 4 hours for the conference.  The conference will take place at **King Reporting Services, 14 Suntree Place Viera, FL**.  The mediator shall be **Gregory P. Miles**. Further, you have agreed *to mail or fax us a copy of the court's order or stipulation of the parties* scheduling the conference as soon as it is signed.   A mediation summary is reqested a week prior to the mediation.

**FEE SCHEDULE:**

For each case scheduled for mediation, one half (1/2) of an hour shall be added to the mediator's time as an administrative set-up fee.  This fee is to defray the costs of scheduling and the confirmation process undertaken by Mediate First, Inc., including rescheduling cases in many instances.

Mediator time is charged at the hourly rate of $350.00 per hour, for two party cases.  The mediator is entitled to compensation for all time spent on the case, including preparation time, telephone conferences, attendance at the mediation conference, follow up, preparation of the mediator's report to the Court and travel (see below).  There is a 3 hour minimum charge for cases reserved for less than a full day and a 6 hour minimum charge for cases reserved for  a full day.  The minimum charges are exclusive of the administrative set-up fee and , if applicable, travel charges.  Travel time is charged as follows: half the hourly rate

Note these fees cover all expenses incurred by the mediator such as clerical, long distance telephone, copying, facsimile and postage charges.

**RESERVATION POLICY:**

The mediator that you have requested in this case is a full-time experienced professional.  The mediator has reserved the time exclusively for your case and will not accept other engagements for the time you have reserved.  Due to the difficulty of scheduling a new case when there is a cancellation, reschedule or settlement, the time and expenses already incurred in scheduling and preparing for the conference and the positive effect a scheduled conference can have in settlement negotiations, the following policies have been adopted:

1) In the event this case is canceled, rescheduled or settled the day of the conference or within 3 business days prior to the day of the scheduled conference, there will be a fee charged of 2 hours times the hourly rate for cases reserved for one half day or less and 6 hours times the hourly rate for cases reserved for a full day.  These fees include the 1/2 hour set-up fee.
2) Unless the parties in the case agree on who should pay the fee and advise Mediate First, Inc., the parties, through their attorneys, shall be billed equally.

**BILLING:**

Fees will be billed either when the case is canceled or at the conclusion of the mediation conference.  The attorneys representing parties in this case are expected to advance the fees billed and insure that the mediator is paid in a timely manner. **For pro se parties appearing  *without a lawyer,* a deposit payable by certified check, cashiers check or money order equal to 2 hours times the hourly rate is required 30 days in advance of the scheduled conference.  If payment is not received  the  mediation will be cancelled.**

**STATEMENT OF NEUTRALITY AND NOTICE TO REVIEW SETTLEMENT AGREEMENT:**

The MEDIATOR ADVISES all parties that (s)he is a neutral intermediary and the mediator may not act as an advocate for either party.  If settlement is reached, the parties are advised to have the Settlement Agreement reduced to writing and independently reviewed by their own counsel before the agreement is executed by the party and counsel.

*AS LEAD COUNSEL SCHEDULING THIS CONFERENCE, PLEASE MAKE CERTAIN THAT THE OTHER ATTORNEYS AND ANY PARTIES APPEARING WITHOUT A LAWYER RECEIVE A COPY OF THIS TRANSMITTAL.  UNLESS MEDIATE FIRST, INC. IS NOTIFIED OF AN OBJECTION TO THE FOREGOING TERMS, CONDITIONS AND POLICIES WITHIN 7 DAYS OF THIS DATE, THEY SHALL BE DEEMED TO BE ACCEPTED BY ALL PARTIES IN THIS CASE.*

# BELL & ROPER, P.A.
## ATTORNEYS AT LAW

MICHAEL M. BELL
MICHAEL H. BOWLING
MICHAEL J. ROPER
JOSEPH D. TESSITORE

2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150
FAX (407) 897-3332
E-mail: office@bellroperlaw.com
www.bellroperlaw.com

MARY GRACE DYLESKI
ANNA E. ENGELMAN
CHRISTOPHER R. FAY
KATHRYN A. JOHNSON
HAE J. KIM
ESTEBAN F. SCORNIK
DALE A. SCOTT
CINDY A. TOWNSEND
MARY J. WALTER

March 2, 2010

Dontavious Sherrode Smith, Pro Se
807 Wilson Avenue
Cocoa, Fl 32922

Re: Smith, Dontavias v. School Board of Brevard County
Case No.: 6:09-CV-2033-ORL-31KRS
Our File No.: 019-137

Dear Mr. Smith:

Pursuant to Rule 26(a)(1) enclosed please find a copy of the School Board's coverage agreement with regard to the above referenced action.

Should you have any questions or concerns, please feel free to contact me.

Sincerely,

Michael H. Bowling

MHB/ys
Encl.
cc: Harold T. Bistline, Esquire
David Wilson, Claims Adjuster
Tracey Pall, Claims Adjuster
Leroy Berry, Deputy Superintendent
Dr. Richard DiPatri
Mark Langdorf, Risk Manager

# AIG AIG EXECUTIVE LIABILITY℠

Insurance provided by the following member of American International Group, Inc.

## National Union Fire Insurance Company of Pittsburgh, Pa.®
A capital stock company

## SCHOOL LEADERS RISK PROTECTOR℠
Professional Liability and Management Liability Insurance for Schools

POLICY NUMBER: 02-406-41-43

REPLACEMENT OF: 00-637-33-71

**NOTICE**

THIS IS A CLAIMS-MADE AND REPORTED FORM. EXCEPT TO SUCH EXTENT AS MAY OTHERWISE BE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS GENERALLY LIMITED TO LIABILITY FOR THOSE CLAIMS THAT ARE FIRST MADE AGAINST INSUREDS DURING THE POLICY PERIOD AND REPORTED TO THE INSURER AS THE POLICY REQUIRES. CLAIMS EXPENSES DO NOT REDUCE THE POLICY DAMAGES LIMIT OF LIABILITY. PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE WITH YOUR INSURANCE AGENT OR BROKER TO DETERMINE WHAT IS AND WHAT IS NOT COVERED.

Terms appearing in **bold** type have special meanings. See the Definitions for more information.

## DECLARATIONS

| ITEMS | | | |
|---|---|---|---|
| 1 | **NAMED SCHOOL ENTITY** (the "Named School Entity") | THE SCHOOL BOARD OF BREVARD COUNTY, FLORIDA | |
| | MAILING ADDRESS: | 2700 JUDGE FRAN JAMIESON WAY VIERA, FL 32940 | |
| 2 | **POLICY PERIOD** | Inception Date: July 1, 2009 12:01 A.M. at the address stated in Item 1 above. | Expiration Date: July 1, 2010 |
| 3 | **LIMIT OF LIABILITY** | | |
| | (a) Policy Damages Limit of Liability: | $2,000,000 | (aggregate for **Damages**) |
| | (b) Separate Limits of Liability: | | |
| | 1. IEP Hearing Limit of Liability: | $100,000 | (aggregate for **Claim Expenses**) |
| | 2. Desegregation Limit of Liability: | $100,000 | (aggregate for **Claim Expenses**) |
| | 3. Breach of Contract Limit of Liability: | $100,000 | (aggregate for **Claim Expenses**) |
| | 4. Breach Of Fiduciary Duty Limit of Liability: | $25,000 | (aggregate for **Claim Expenses**) |
| 4 | **RETENTION/DEDUCTIBLE** | | |
| | (a) each **Wrongful Act**: | $250,000 | |
| | (b) each **Employment Practices Violation**: | $250,000 | |
| | (c) each **IEP Hearing**: | $10,000 | |

259393

96924 (12/07)

1

© American International Group, Inc. All rights reserved.

| ITEMS (continued) | | |
|---|---|---|
| 5 | TOTAL PREMIUM | $110,249 <br> +        $1,102 FL Surcharge |
| 6 | (a) Policy First Inception Date | July 1, 1996 |
|   | (b) Expanded Coverage First Inception Date: | |
| 7 | Expanded Coverage Retroactive Date | |
| 8 | Name and Address of Insurer (for Notice/Claims Reporting): <br> AIG Domestic Claims, Inc. <br> 175 Water Street <br> New York, New York 10038 <br> Attention: C-Claims, E&O Claims <br> Reference: 02-406-41-43 | |
|   | Producer:                     ARTHUR J. GALLAGHER & CO OF MS, INC. | |
|   | Producer License #:   On File with Carrier | |
|   | Address:                      1400 URBAN CENTER DRIVE <br>                                          STE 365 <br>                                          BIRMINGHAM, AL 35242 | |

_____
AUTHORIZED REPRESENTATIVE

259393