**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**Case No: cv14-0035RAJ**

\_\_\_\_ FILED    \_\_\_\_ ENTERED
\_\_\_\_ LODGED   \_\_\_\_ RECEIVED

**FEB 14 2014**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**TAY**
d/b/a DONTAVIOUS SHERRODE SMITH,
a/k/a "TAY TAY"; "DA MAYOR";
Plaintiff,
v.

**UNITED STATES OF AMERICA et al;**

Defendant.
_____/

NOTE ON MOTION CALENDAR:
**February 21, 2014**

## TAY'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION, AND MOTION FOR LEAVE TO AMEND PURSUANT TO FED. R. CIV. P. RULE 60(b)

*Pro Se* Plaintiff, Tay, **HEREBY** objects to Magistrate Donohue's Report and Recommendation, and moves the Court for leave to file an amended civil cover sheet, in forma pauperis ("IFP") form, Complaint, Corporate Disclosure and Notice of Related Cases ("Tay's Amended Filings") and permitted to file those documents electronically ("Tay's Amended Filings Electronically") so that Tay can be in accordance to LCR 12 – 14, in which a copy of the proposed Tay's Amended Filings will accompany his filing, on the following grounds:

1. Tay misinterpreted question 5 of the IFP form. Tay believed the question was referring to intangible assets and or intangible intellectual property (pursuant to 32 CFR 37.1310 and 15 USC § 1127) as well as stocks and other property. Tay's company FOCUS Solutions Limited Inc. is an inactive Florida corporation and Folk Tell Publishing Group Inc. expired on December 31, 2013, and as he documented in the IFP form and the Complaint, neither he nor FOCUS Solutions Limited Inc. have any money, bank accounts and or own any tangible assets or real property, excluding real property such as ideas and stored information. Tay owns 34% of FOCUS



Page 1 of 3

Objection and Mot. To Amer
Cv14-0035RAJ



14-CV-00035-MEM

Tay
807 S. Wilson Ave.
Cocoa, FL 32922

Solutions Limited, Inc. and documented the approximate value of **his** 34% of intangible intellectual property (pursuant to 32 CFR 37.1310 and 15 USC § 1127) or Human Capitol as defined in 22 USC §283z-6(b) as a CEO and owner based upon political endorsements and ideologies (Tay's campaign for Mayor of Cocoa), and unsuccessful and or pending project proposals and or trade secrets individually and in his official capacity as CEO. Tay's interest in his businesses in Real Life is worth $0.00.

2. Tay cannot afford, nor campaign to raise $400 for a filing fee. Tay has not even possessed more than $100 at one time since paying $400 plus for summons and service in November 2009 (Compl. "Tay's 2009 Sham Litigation") and not receiving his due relief based upon the facts and evidence of Defendants Scheme and RICO Enterprise. As this Court stated Tay "has not been gainfully employed since 2009…" and is living below the poverty line "receiving food stamps." [Doc. 5, pg. 2]

3. Tay made minor *mistakes* such as not listing some Defendants in the Section titled "PARTIES", abbreviation errors, repeated sentences, Local Rule notation *mistakes* as mentioned below, the proper business name to sue and add other parties who aided and or benefited from the Defendants Scheme and RICO Enterprise.

4. Tay is a severe suffering RICO and human trafficking victim, and further delay of proceedings would continue to harm him.

5. Pursuant to Fed. R. Civ. P. Rule 60(b) (1) "mistake, inadvertence and excusable neglect" (2) "newly discovered evidence", (6) any other reason justifying relief, and (c)(1) Timing.



Objection and Mot. To Amend                                                              Tay
Cv14-0035RAJ                                                              807 S. Wilson Ave.
                                                                          Cocoa, FL 32922

This objection and motion is timely and, because the proposed Tay's Amended Filings, which in pursuant to LCR 10(e)(3) Bottom Notations and LCR 5.2 – to eliminate birthday's from complaint and or exhibits, and added new parties, poses no surprise or prejudice to any party, this motion should be granted in light of the liberality required by the rules and Supreme Court precedent.

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is thus well established that amendments must be allowed absent some good reason justifying denial of leave to amend. *E.g., Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). No such good reason exists here.

The changes proposed in Tay's Amended Filings merely complies with LCR 10(e) (3) and LCR 5.2, and adding new parties.

## CONCLUSION

For these reasons stated, Tay should not have to pay a $400 filing fee and the Court should grant Tay's Objection and Motion for leave to file Tay's Amended Filings Electronically.

Dated: February /0,   2014                                    Sincerely Submitted,



Dontavious "Tay" Smith, Pro Se.
807 South Wilson Avenue
Cocoa, FL 32922
Flanative_cocoa321@hotmail.com

Dontavious Ray Smith
901 S. Wilson Ave.
Cocoa, FL 32922

U.S. POSTAGE PAID
COCOA, FL 32922
FEB 10, 14
AMOUNT
$0.49
00042029-05

98101

Clerk, United States District Court
United States Courthouse
700 Stewart St., Suite 2310
Seattle, WA 98101